UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-138 (JCH) |
| | : | |
| SHONTA MCPHERSON | : | DECEMBER 30, 2008 |

**AMENDED[1] RULING RE: MOTIONS FOR REDUCTION OF SENTENCE [Doc. Nos. 1883, 2070]**

Defendant Shonta McPherson has filed two Motions for Reduction of Sentence [Doc. Nos. 1883, 2070] in which he seeks to benefit from the retroactive change in the sentencing guidelines for crack-cocaine offenses.

At sentencing,[2] the court determined that McPherson was a career offender. Tr. at 14. Without career offender status, the court noted that McPherson's offense level would have been 25 (after accounting for acceptance of responsibility), and his criminal history category would have been VI. Id. at 14-15. As such, McPherson would have faced a guidelines range of 110-137 months' imprisonment. Because he was a career offender, however, the sentencing guidelines increased his offense level to 34 (after accounting for acceptance of responsibility), with his criminal history category remaining at VI. Id. This meant that McPherson faced a guidelines range of 262-327 months'

---

[1] This Amended Ruling is issued solely for the purpose of deleting footnote 2 from the original Ruling. Upon review of the original Ruling, the court realized that the Guidelines calculation at the time of sentencing correctly applied the applicable, 2003 Guidelines Manual § 2D1.1(a)(3), which has since been amended.

[2] The court has reviewed the PSR, and a transcript of the sentencing proceedings, in connection with the instant Motions.

imprisonment.  Id.

McPherson next sought a departure, under the authority of U.S.S.G. § 5K2.0, based on reasons unrelated to the quantity of cocaine attributable to him.[3]  In light of those reasons, and also because the court concluded that the defendant's criminal history was significantly over represented by his criminal history category, the court concluded that a departure was appropriate under U.S.S.G. § 5K2.0(c).  Tr. at 33.  The court did not specifically indicate whether it was engaging in a horizontal departure, or a vertical departure, or both.  The court also did not specifically indicate to which offense level, or criminal history category, it had departed.  Ultimately, after taking into account these grounds for departures, and after weighing all of the factors in 18 U.S.C. § 3553(a), the court concluded that a sentence of 150 months imprisonment was appropriate.

McPherson is only eligible for a reduction in his sentence if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  In United States v. Menafee, No. 04-cr-138 (JCH), 2008 U.S. Dist. LEXIS 60765 (D. Conn. Aug. 5, 2008), this court held that the "applicable guideline range" is the guideline range calculated before accounting for any departures. Id. at *7-12.  Because of McPherson's career offender status, his pre-departure guidelines range is calculated as 262-327 months' imprisonment both before and after the recent amendment.  Accordingly, his "applicable guideline range" has not been

---

[3] These reasons are set out in a sealed Motion he filed shortly before sentencing.

altered and he is ineligible for a reduction in his sentence.

McPherson nonetheless suggests that in light of the Supreme Court's opinions in Kimbrough v. United States, 128 S. Ct. 558 (2008), and Gall v. United States, 128 S. Ct. 58 (2008), this court somehow retains discretion to resentence him.

McPherson is mistaken.  When a guideline change has been made retroactive, the court's sole authority to resentence a defendant arises from 18 U.S.C. § 3582(c). That statute requires that any resentencing be "consistent with applicable policy statements issued by the Sentencing Commission."  Id.  Here, the relevant policy statement only permits a sentence reduction if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of U.S.S.G. § 1B1.10(a)(2)(B).  And because the crack-cocaine amendments did nothing to alter the applicable guideline range for McPherson, this court is statutorily barred from resentencing him.

McPherson's Motions [Doc. Nos. 1883, 2070] are **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 30th day of December, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge